## Edward F. Dolan, Plff. in Err., *v.* Bridget Kelly.

The owner of a lot conveyed it to his son in fee, and the son at the same time executed a declaration of trust that he would convey the lot after the death of the grantor to a niece; and a son of the niece took possession of the lot with the permission of the grantor, and under an alleged parol gift erected improvements upon it, and subsequently the grantor revoked the trust, and by certain mesne conveyances the title became vested in the wife of the grantor, she having no notice of the deed of trust; in an action of ejectment by the wife against the said son of the niece, *held*, that as the plaintiff had no notice of the declaration of trust, the court was justified in directing a verdict in her favor.

(Argued November 1, 1887. Decided November 11, 1887.)

October Term, 1887, No. 159, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas No. 2 of Allegheny County to review a judgment in favor of the plaintiff in an action of ejectment. Affirmed.

This action was begun by Bridget Kelly and her husband, Edward Kelly, Sr., in the lifetime of the latter, against Edward F. Dolan and his tenants, H. J. Link and Michael Dolan, to recover possession of a lot of ground situated in the eleventh ward of the city of Pittsburgh.

Edward Kelly, Sr., died before the trial, and the case proceeded in the name of Bridget Kelly. Both parties claimed title from Edward Kelly, Sr., and admitted that the title to the lot was in him on August 3, 1872.

On November 10, 1874, Edward Kelly, Sr., executed a deed to Edward Kelly, Jr., for the lot in controversy. On the same

day Edward Kelly, Jr., executed a declaration of trust in which it is acknowledged and declared that he should have and hold for his own use, profit, and advantage, and free from any impeachment of waste all the property conveyed to him in the deed from Edward Kelly, Sr., to himself "for and during the full term and period of the natural life of said Edward Kelly, Sr., and that within three months after the decease of the said Edward Kelly, Sr., the said Edward Kelly, Jr., shall convey the said property" to certain specified persons.    It was provided that the lot in controversy should be conveyed to Mrs. Margaret Dolan, a niece of Edward Kelly, Sr.    The deed of trust was not placed on record.

On May 15, 1878, Edward Kelly, Jr., reconveyed the lot to Edward Kelly, Sr.    On July 2, 1878, Edward Kelly, Sr., with his wife, Bridget Kelly, conveyed the property to Mary C. Quinn, and she, on August 23, 1878, reconveyed the same to Edward Kelly, Sr., who with his wife (the plaintiff below) conveyed the same, September 25, 1878, to Lorenzo Mott—all of said conveyances being for a merely nominal consideration.    On the day last mentioned, Lorenzo Mott conveyed to Bridget Kelly, the wife of Edward Kelly, Sr., plaintiff below.

This was the case for plaintiff.

The defendant, Edward F. Dolan, then put in evidence the deed of Edward Kelly, Sr., to Edward Kelly, Jr., dated November 10, 1874; also, declaration of trust, by Edward Kelly, Jr., dated November 10, 1874, which recited the execution and delivery of two deeds by Edward Kelly, Sr., to himself (Edward, Jr.,), the first being a conveyance of property situate in the fifth ward of Pittsburgh, and the second being the deed first above mentioned, for property in the eleventh and other wards of Pittsburgh.

Testimony was also offered to show that in 1878, after the marriage of Edward Kelly, Sr., to plaintiff, a controversy arose between Edward Kelly, Sr., and Edward, Jr., in relation to the two deeds of November 10, 1874, and that it was terminated by a compromise agreement, and the reconveyance of Edward, Jr., to Edward, Sr., by deed dated May 15, 1878, of all the property held in trust, described in said recited declaration of trust.    The said reconveyance was preceded by the execution of the following paper, indorsed upon the declaration of trust:

And now, May 7, 1878, I, Edward Kelly, Sr., do hereby annul and revoke the within agreement and testamentary trust arising from the execution of the same under the deed of conveyance therein mentioned, and do hereby direct and require the said Edward Kelly, Jr., to reconvey to me the premises in said second deed mentioned.   Witness my hand and seal.

Edward Kelly, Sr.   [SEAL.]

The instrument was duly acknowledged May 15, 1878.

Defendant then proved that Mrs. Margaret Dolan was a niece of Edward Kelly, Sr., and the mother of Edward F. Dolan, plaintiff in error.

Defendants called Edward Kelly, Jr., and offered to prove by him the fact that, by direction of Edward Kelly, Sr., he consented to Mr. Dolan being put in possession of the property in controversy.

Plaintiff's counsel objected to the witness as incompetent, for two reasons:

First, because the assignor of the thing in action being dead, the witness must be competent under the rules of common law, and Edward Kelly is not competent under such rules; and, second, because being the Edward Kelly, Jr., mentioned in the abstracts, he is estopped from disputing his own deed.

By the Court: Objection sustained, exception sealed. (Eighth assignment of error.)

Defendant having shown that Edward Kelly, Sr., employed a surveyor who marked the lot and made a plot thereof, again called Edward Kelly, Jr., and proposed to prove by him that Edward F. Dolan took possession after this plot was obtained, and proceeded to build his house, and that he has been in possession even since.

Objected to by plaintiff's counsel as incompetent and irrelevant.

Per Curiam:  ·Objection sustained, and exception sealed for defendant.   (Ninth assignment of error.)

Defendant then put in evidence a deed of Philip Dolan and Margaret, his wife, to Edward F. Dolan, dated November 10, 1886, for the lot of ground in controversy.

The defendant presented the following points:

1. That the deed of Edward Kelly, Sr., to Edward Kelly, Jr., in evidence, dated November 10, 1874, and the declaration of

trust, of even date, accompanying the same, vested such a title and interest in the land in dispute in Margaret Dolan, that the said Edward Kelly, Sr., could not revoke the same without the consent of Margaret Dolan, and therefore the deed of reconveyance by Edward Kelly, Jr., to Edward Kelly, Sr., in evidence, under which plaintiff claims title, is void, so far as Margaret Dolan and those holding under her are concerned.

Per Curiam: Refused. (First assignment of error.)

2. If the defendant, Edward F. Dolan, with the consent of his mother, Margaret Dolan, and his uncle, Edward Kelly, Sr., in the year 1876, and after the conveyance of 1874, in evidence, and before the revocation of the same by his uncle, and the reconveyance by Edward Kelly, Jr., to Edward Kelly, Sr., in May, 1878, took possession of the lot in dispute and built a two-story brick dwelling on the same, and spent large sums of money in improving the same, that the act of Edward Kelly, Sr., in revoking the trust and taking a conveyance of the lot to himself was void, and could not devest the title of the parties created under the deed of trust.

Per Curiam: Refused. (Second assignment of error.)

3. That the plaintiff can only recover such title as her husband had in the premises at the date of the conveyance from the nephew to the uncle, and under which the uncle held.

Per Curiam: Refused. (Third assignment of error.)

4. That under all the evidence the defendant is entitled to a verdict.

Per Curiam: Refused. (Fourth assignment of error.)

5. If the jury find from the evidence that Edward Kelly, Sr., made a parol gift of the lot in dispute to his nephew, the defendant, and put him in possession of the lot about the year 1876, and by the advice of his uncle he built a two-story brick dwelling, and improved the same, and has ever since been in possession of the same, holding and occupying it as his own, that then the uncle and those claiming under him are estopped from denying the defendant's title.

Per Curiam: Refused. (Fifth assignment of error.)

The plaintiff presented the following point:

"That the defendant has failed to show any title to the land in controversy, and that the verdict must be for the plaintiff."

*Ans.* "Under the evidence the verdict of the jury should be for the plaintiff for the lot in dispute, being the lot described in

the abstract of plaintiff, and in the writ." (Sixth assignment of error.)

The court charged the jury as follows: "Under all the evidence I instruct you that your verdict ought to be for the plaintiff." (Seventh assignment of error.)

*Barton & Son* and *A. M. Brown,* for plaintiff in error.—In the present case, the settlor devested himself of the legal title, and the grantee (trustee) accepted the trust, and the title deed was duly recorded. The matter so remained from November, 1874, until May, 1878, when the revocation and reconveyance were attempted. In the meantime, Edward F. Dolan was put in possession of the lot of ground by the united and consistent action and consent of the settlor, the trustee, and the *cestui que trust,* and had erected valuable improvements on the lot, and continued in the visible and exclusive possession of it. No act of the trustee, without the assent of the *cestui que trust,* could operate to destroy the interest of the latter. Hatz's Appeal, 40 Pa. 209; Pratt v. Lewis, 4 Whart. 22.

A trustee has no powers but such as are conferred by the deed of trust. Whiteley v. McFadden, 38 Phila. Leg. Int. 42; Maloney's Estate, 27 Pittsb. L. J. 193.

The instrument was not an "agreement" to create a trust, nor was the trust of a testamentary character, revocable at the will of the testator. On the contrary, the deed of November 10, 1874, and the accompanying declaration of trust settled the matter beyond the control of Edward Kelly, Sr. It was therefore a perfectly created trust. The trustee had assented to and accepted the trust, and deeds were duly delivered and recorded, so that the title was wholly out of the donor. How, then, could the title or interest of Margaret Dolan, the *cestui que trust,* be devested by the several or combined acts of the donor and trustee? "Equity ever protects where it can without disturbing a legal right, the interest of a *cestui que trust* from the acts of the trustee." Read v. Robinson, 6 Watts & S. 329–332.

*John Dalzell* and *Geo. B. Gordon,* for defendant in error.— The defendant did not establish the parol gift by sufficient evidence. McKowen v. McDonald, 43 Pa. 443, 82 Am. Dec. 576; Hart v. Carroll, 85 Pa. 510; Goucher v. Martin, 9 Watts, 106; Woods v. Farmare, 10 Watts, 195; Frye v. Shepler, 7 Pa. 91;

and Brawdy v. Brawdy, 7 Pa. 157; Aitkin v. Young, 12 Pa. 15; Rankin v. Simpson, 19 Pa. 471, 57 Am. Dec. 668; Wack v. Sorber, 2 Whart. 387, 30 Am. Dec. 269; Overmyer v. Koerner, 2 W. N. C. 7; Moore v. Small, 19 Pa. 461.

The first offer that the defendant made was to prove that he had, prior to that, given title to defendant's mother; and the first witness he called to prove that fact was Edward Kelly, Jr., himself. He was called for the avowed purpose of striking down his own deed by parol testimony. This he was unquestionably incompetent to do at common law. Walton v. Shelley, 1 T. R. 300; McIldowny v. Williams, 28 Pa. 492.

The witness being incompetent at common law and the assignor of the thing in action being dead, his incompetency was not removed by our acts of assembly. Arthurs v. King, 84 Pa. 530; Ewing v. Ewing, 96 Pa. 381; Karns v. Tanner, 66 Pa. 297; Warren v. Steer, 112 Pa. 644, 5 Atl. 4.

It is sufficient answer to the assignments of error referring to the refusal of the court to affirm the defendant's first and second points, to say that the evidence failed to support them.

Per Curiam:

The parol gift to Edward F. Dolan was good for nothing; and even admitting, which we are not ready to do, that the deed of trust by the elder Kelly to the younger might have been good and irrevocable *inter partes,* yet as there was no notice of it to Bridget Kelly she, of course, took the title, executed to her, free from that trust. The court below was therefore justified in directing a verdict for the plaintiff.

The judgment is affirmed.